Hugh W. WYATT, Plaintiff–Appellant,

John Daxland, Plaintiff,

v.

Mortimer B. ZUCKERMAN, Arthur Browne, James Wilse, each in his official & individual capacities, Daily News, L.P., Defendants–Appellees.

No. 05–5128–cv.

United States Court of Appeals, Second Circuit.

June 15, 2007.

Hugh W. Wyatt, pro se, New York, New York, for Appellant.

Joseph Baumgarten, Proskauer Rose LLP (Allen I. Fagin, on the brief), New York, New York, for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, Hon. JOHN R. GIBSON,* Circuit Judges.

### SUMMARY ORDER

Hugh W. Wyatt appeals from an order of the District Court for the Southern District of New York (Swain, J.), granting summary judgment in favor of defendants-appellees. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Wyatt does not challenge the district court's dismissal of [i] all claims against defendant Wilse (dismissed for failure to comply with Rule 12(b)(5)), [ii] claims against the individual defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and [iii] claims regarding severance pay that the district court ruled were barred by collateral estoppel. Accordingly, Wyatt has waived these claims. See LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir.1995).

Wyatt's appeal mainly challenges the grant of summary judgment as to the other claims. A grant of summary judgment is reviewed de novo. Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 579 (2d Cir. 2006). "[S]ummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." Id. (internal quotation marks omitted).

■ As to the claim under 42 U.S.C. § 1981, Wyatt argues that the district court failed to account for evidence that defendants Browne and Zuckerman personally and intentionally caused an infringement of Wyatt's § 1981–protected rights. Ultimately, however, to whatever

---

* The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

extent these defendants were involved in the decision not to rehire Wyatt, he has failed to create a genuine issue of material fact as to any discriminatory animus on their part.

Wyatt also argues that a genuine issue of material fact exists as to whether the non-retaliatory explanation for termination was pretextual. We agree with the district court: the evidence offered by Wyatt consists primarily of conclusory and self-serving statements that therefore cannot sustain his § 1981, Title VII and ADEA claims.

Wyatt submits that the deficiencies highlighted by the district court could be remedied were he given leave to replead, but it is unclear how repleading would preserve this 14–year old litigation. Wyatt also takes issue with several of the district court's discovery rulings, but fails to demonstrate how those rulings constituted an abuse of discretion. *See Grady v. Affiliated Cent.,* 130 F.3d 553, 561 (2d Cir. 1997).

Finding no merit in Wyatt's remaining arguments, we hereby **AFFIRM** the judgment of the district court.